UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>FERNANDO MORALES-AGUILAR,<br><br>Defendant-Movant. | Civil Case No. 13-cv-01646-BTM<br>Crim. Case No. 11-cr-00226-BTM<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

As ordered by the Court on July 16, 2013 (see ECF No. 55[1]), Defendant Fernando Morales-Aguilar ("Defendant") filed a § 2255 form, requesting a reduction of his sentence (ECF No. 59). However, in the § 2255 form, Defendant states only that he seeks a sentence reduction so that he may be released, and does not offer any legal cause as to why the Court should reduce his sentence.

Moreover, Defendant waived his right to collaterally attack his sentence. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)).

---

[1] All references are to the criminal docket, 11-cr-00226-BTM.

The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, Defendant entered a Plea Agreement, filed on June 15, 2011, that expressly waived his right to collaterally attack his sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(Plea Agreement ¶ 10, ECF No. 28.) Defendant has not alleged a claim of ineffective assistance of counsel. Additionally, the Court imposed a sentence of 57 months, below the high end of the guideline range of 57 to 71 months recommended by the Government. Thus, the language of the waiver encompasses the grounds raised in the instant motion. Further, Defendant has not alleged, and there is nothing in the record to indicate, that his waiver was not knowingly and voluntarily made.

Defendant also sent a letter to the Court, filed *nunc pro tunc* to August 6, 2013, requesting a reduction of his sentence and claiming that his good time credit was miscalculated (ECF No. 63). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Since this claim challenges the execution of his sentence, not the legality, it should be brought pursuant to § 2241 in the district of his confinement, which is the Central District of California.

//

//

For the reasons above, Defendant's § 2255 motion is **DENIED**. Insofar as Defendant's motion seeks the appointment of an attorney, that request is denied as well. The Court further **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: August 26, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court